UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

Basix Inc.
a Florida corporation

    Plaintiff,

v.

Tile Inc
a Delaware corporation.,

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, Basix Inc., sues Defendant, Tile Inc., and alleges:

**Jurisdiction & Venue**

1. This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, false designation of origin under Sections 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a), and unfair competition and unjust enrichment arising under the common law of the State of Florida.

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(b). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case and controversy.

3. Defendant is subject to personal jurisdiction in Florida pursuant to § 48.193(2), Fla. Stat. because Defendant is engaged in substantial and not isolated business activities in Florida, and under § 48.193(1)(a)(2) because it has committed tortious acts within this state, including trademark infringement and false designation of origin likely to cause consumer confusion and causing Plaintiff to suffer harm in Florida.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claim occurred in Florida and Defendant is otherwise subject to personal jurisdiction in this judicial district.

**Parties**

5.Plaintiff, Basix Inc. ("Basix"), is a Florida corporation with its principal place of business in Palm Beach County, Florida.

6.Basix is a provider of wireless electronic tracking devices for locating and tracking lost articles, objects and pets.

7.Defendant, Tile, Inc. ("Tile" or "Defendant"), is a Delaware corporation with its principal place of business in California. Tile is a provider of wireless electronic tracking devices for locating and tracking lost articles, objects and pets.

8.Tile conducts business in the United States through its website and other distributors as identified on Tile's web site.

**Facts**

9.Basix has been engaged in the business of developing, marketing, selling, and promoting wireless electronic tracking devices since its inception in 2003.

10.Basix is the owner of U.S. Trademark Registrations No. 4,992,607 applied for on October 30, 2015 subsequent to a USPTO cancellation for non-payment on October 26, 2015 of its previous applied registration No. 3,565,368 of May 26, 2007 and registered on January 20, 2009 "Never Lose Anything Again!" attached hereto as Exhibits A and Exhibit B. Basix also owns the corresponding domain names attached hereto as Exhibit B-1.

11.Collectively, these registered marks, along with Basix's common law rights thereto, are referred to herein as the "Basix Marks."

12.Basix has used the Basix Marks exclusively in both domestic and interstate commerce as early as 2008 for electronic devices, namely locating and tracking system comprised of a radio transmitter and multiple receiver units using radio frequency; electronic devices used to locate lost objects employing radio frequency.

13.As a result of Basix's ongoing advertising and promotional efforts, its longstanding use of the Basix Marks on its website, advertising, packaging, letterhead etc., a sampling of which is attached hereto and

collectively shown as **Exhibit C (1-13)** the widespread and growing electronic location tracking industry, and the degree of consumer and industry recognition, the Basix Marks have become well-known in this industry and have acquired extremely valuable good will.

14. Defendant is also a provider of electronic devises comprised of wireless electronic tracking devices used to locate lost objects employing radio frequency identified with the product name "Tile" ("Defendant's Tile Product").

15. Notwithstanding Basix's U.S. trademark registrations, and its common law rights since 2008 to use the Basix Marks exclusively throughout the United States for all services it provides, Defendant is prominently using the designation "Never lose anything again!" and "Never lose anything again." (collectively the "Infringing Designations") directly with Defendant's Tile Product.

16. Defendant is prominently using the Infringing Designations to advertise on internet sponsored ad campaigns such as You tube and Google ad words.

17. Defendant is currently using the Infringing Designations on marketing floor displays located at Retail stores.

18. Defendant is currently using the Infringing Designations on promotional videos.

19. Defendant is currently using the Infringing Designations on its Facebook page posts

20. Defendant is currently using the Infringing Designations on internet shopping sites such as Amazon and E-bay.

21. Representative pictures of brochures, product displays, internet searches and websites showing Defendant's usage of the Infringing Designations are collectively attached hereto as **Exhibit D (1-6)**

22. The products and services Defendant is offering under the Infringing Designations are identical, or nearly identical, to those covered by the Basix Marks.

23. Defendant's Infringing Designations contain characteristics that are identical to the Basix Marks.

24. Specifically, Defendant is using the same words as Basix Marks, including uppercase letters as well as using the same words as the Basix Marks including lower case letters, and sometimes with and without

3

the exclamation point.

25.    Defendant's use of the Infringing Designations postdates Basix's first use of the Basix Marks by what appears to be at approximately six years.

26.    Defendant is well aware of Basix's U.S. trademark registrations because Plaintiff after noticing an advertisement on Facebook using a mark identical to the Basix Marks, sent an initial objection on or around the Fall of 2014 through Tile's customer service portal advising Defendant that Basix owned the Basix Marks and was requesting to speak to someone about Defendant's unauthorized use.  Defendant failed to cease and desist from defendant's trademark infringement practices over plaintiff's objections.

27. More recently, in 2016, Plantiff discovered that Defendant's Trademark Infringement was continuing despite Plantiff's previous objections. Defendant, even expanded its unlawful conduct by wrongfully using Plantiff's registered mark in radio advertising, marketing floor displays in numerous, well-known retailers and significant usage in sponsored advertising. Plaintiff continues to investigate the extent and duration of Defendant's unlawful trademark infringement.

28.    Defendant's unauthorized use of the Infringing Designation is likely to cause confusion, to cause mistake, or to deceive consumers into believing that there is an affiliation, connection or association of Defendant with the Basix Marks or as to the origin, sponsorship, or approval of Defendant's services and products and commercial activities by Basix.

29.    Defendant's unauthorized use of the Infringing Designations falsely indicates to the public that Defendant, its business and/or its services, originate with Basix or are affiliated, connected or associated with Basix or are sponsored, endorsed or approved by Basix or are in some manner related to Basix and its services and products.

30.    Defendant's unauthorized use of the Infringing Designations enables it to trade on and receive the benefit of goodwill built up at great labor and expense over many years by Basix and to gain acceptance for its business, products, and services not solely on its own merits, but on the reputation and goodwill of Basix and its products and services.

31.    Defendant has been and continues to be unjustly enriched at Basix's expense by its unauthorized use of the Infringing Designations.

32.    Defendant's unauthorized use of the Infringing Designations falsely designates the origin of Defendant's business and services, and falsely and misleadingly describes and represents facts with respect to

Defendant and its business and services.

33. Defendant's unlawful infringement has caused, and will continue to cause, in Florida and elsewhere, irreparable harm to Basix's reputation and goodwill for which there is no adequate remedy at law.

34. Consumers are likely to be confused or deceived as a result of Defendant's wrongful use of the Infringing Designation.

35. In an effort to amicably resolve this matter, Basix sent a letter to Defendant on January 24, 2017, attached as **Exhibit E** requesting that Defendant discontinue all uses of the Infringing Designations. Defendant's counsel responded to Basix's letter in a phone call dated January 31, 2017. During such phone conversation, Defendant's counsel, acting on behalf of its client ("Defendant's Counsel") discussed Plaintiff's request to cease using the Infringing Designation and agreed to evaluate a proposal by Plaintiff that would authorize Defendant to legally use the Basix Marks under agreed terms. In good faith, Plaintiff agreed to forebear on its cease and desist order while a proposal was under consideration. Defendant's Counsel recommended that a proposal be emailed directly to him and as such provided Plaintiff with his email address. On February 3, 2017 Plaintiff emailed Defendant's Counsel advising him that a proposal would be emailed no later than Monday, February 6, 2017 per **Exhibit F**. Defendant's counsel did not respond to this email notification.

36. On February 6, 2017 Plaintiff emailed a proposal attached hereto as **Exhibit G** in which Plaintiff offered a fair and reasonable proposal for Defendant's use of the Basix Marks and requested a written response by Friday, February 10, 2017. Defendant's Counsel did not respond to Plaintiff's proposal. On Monday, February 13, 2017, Plaintiff contacted Defendant's Counsel by phone whereby counsel indicated he had been busy and had not shared the proposal with his client but would do so. When asked when he would provide a response to Plaintiff, Defendant's Counsel said he would respond to the proposal by no later than Friday, February 17, 2017. Defendant has yet to respond back to Plaintiff even after another follow up email by Plantiff.

37. Defendant's use of the Infringing Designation is, for the reasons expressed above, knowing and deliberate.

38. If not enjoined by this Court, Defendant will continue its acts of trademark infringement,

which have caused and will continue to cause immediate and irreparable harm to Basix. Basix has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Defendant is permanently enjoined, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116. Plaintiff has a reasonable likelihood of success in the subject litigation.

## **COUNT I**

(Federal Trademark Infringement, 15 U.S.C. § 1114)

39. Basix re-alleges and incorporates the foregoing paragraphs 1 through 38, as though fully set forth herein.

40. Defendant's infringing use of Plaintiff's registered trademark is likely to weaken said mark.

41. Defendant's infringing use of Plaintiff's registered trademark causes confusion, mistake, and deceives the public as to the source, origin, or affiliation, connection, or association of Defendant's products and services with Basix or as to the approval of Defendant's products or services by Basix and thus constitutes infringement of Basix federally registered marks, in violation of the Lanham Act, 15 U.S.C. § 1114.

WHEREFORE, Basix prays that the Court award the following relief:

A. Permanently enjoining Defendant, its officers, employees, agents, representatives, successors, assigns, and all persons or entities in active concert or participation with any of them, from directly or indirectly infringing in any manner the Basix Marks, or Basix's rights thereto, and from marketing, advertising, promoting, offering for sale, selling, or distributing products or services under the Infringing Designation;

B. For damages in an amount to be proven at trial for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114;

C. For damages in an amount to be proven at trial for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

D. For Disgorgement of any and all profits received while free-riding and infringing upon Plaintiff's registered trademark.

E. For Attorney Fees and Costs under the Lanham Act.

## **COUNT II**

(False Designation of Origin, 15 U.S.C. § 1125(a))

42. Basix. re-alleges and incorporates the foregoing paragraphs 1 through 41, as though fully set forth herein.

43. Defendant's use of the Plaintiff's registered mark weakens the ability of Plaintiff's mark to identify the source of the products being offered under said mark as the original inventor and developer of said products offered under said mark.

44. Defendant's use of Plaintiff's registered mark causes confusion, and causes mistake, and deceives the consuming public as to the affiliation, connection, or association of Defendant's products or services with Basix's products or services, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Basix, and thus constitutes false designation of origin, and unfair competition with respect to the Basix Marks in violation of 15 U.S.C. § 1125(a).

WHEREFORE, Basix prays that the Court award the following relief:

A. Permanently enjoining Defendant, its officers, employees, agents, representatives, successors, assigns, and all persons or entities in active concert or participation with any of them, from directly or indirectly infringing in any manner the Basix Marks, or Basix's rights thereto, and from marketing, advertising, promoting, offering for sale, selling, or distributing products or services under the Infringing Designations;

B. For damages in an amount to be proven at trial for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114;

C. For damages in an amount to be proven at trial for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

D. For Disgorgement of any and all profits received while free-riding and infringing upon Plaintiff's registered trademark.

E. Attorney Fees and Costs pursuant to the Lanham Act.

## COUNT III

(Common Law Unfair Competition)

45.   Basix re-alleges and incorporates the foregoing paragraphs 1 through 44, as though fully set forth herein.

46.   Defendant, by its actions set forth above, has engaged in unfair competition in violation of the common law of Florida by free-riding on Plaintiff's development of the subject registered mark as a source identifier through research and development and marketing efforts.

47.   As a result of Defendant's actions, Basix has suffered damages and irreparable harm.

WHEREFORE, Basix prays that the Court award the following relief:

A. Permanently enjoining Defendant, its officers, employees, agents, representatives, successors, assigns, and all persons or entities in active concert or participation with any of them, from directly or indirectly infringing in any manner the Basix Marks, or Basix's rights thereto, and from marketing, advertising, promoting, offering for sale, selling, or distributing products or services under the Infringing Designations;

B. For damages in an amount to be proven at trial for unfair trade practices.

C. For Attorney Fees and costs pursuant to Florida Law.

## COUNT IV

(Common Law Unjust Enrichment)

48.   Basix re-alleges and incorporates the foregoing paragraphs 1 through 47, as though fully set forth herein.

49.   Defendant, by free-riding on Plaintiff's research and development, marketing and advertising expenditures and efforts and plaintiff's resulting products, market development and registered trademark, has, without compensation to Plaintiff, unfairly profited form and has been unjustly enriched by defendant's violations of Plaintiff's rights, Plaintiff's registered trademark and defendant's own legal violations in contravention Florida Law and must be held accountable.

WHEREFORE, Basix prays that the Court award the following relief:

A. Permanently enjoining Defendant, its officers, employees, agents, representatives, successors, assigns, and all persons or entities in active concert or participation with any of them, from directly or indirectly infringing in any manner the Basix Marks, or Basix's rights thereto, and from marketing, advertising, promoting, offering for sale, selling, or distributing products or services under the Infringing Designations;

B. For damages and disgorgement of unfairly obtained monies.

C. For damages in an amount to be proven at trial for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

D. For Attorney Fees and costs pursuant to Florida Law as well as under the Lanham Act.

## COUNT V

## PER SE VIOLATION
## FLORIDA UNFAIR TRADE PRACTICES ACT

50. Basix re-alleges and incorporates the foregoing paragraphs 1 through 49, as though fully set forth herein.

51. §501.203(3)(c) of FDUTPA states a violation may be based on "[*a*]*ny* . . . rule [or] regulation . . which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Defendant's blatant infringement upon Plaintiff's registered trademark is a violation of the Lanham Act and is therefore a per se violation of the FDUPTA.

52. Defendant, by free-riding on Plaintiff's research and development, marketing and advertising expenditures and efforts and plaintiff's resulting products, market development and registered trademark, has, without compensation to Plaintiff, unfairly profited form and has been unjustly enriched by defendant's violations of Plaintiff's rights, Plaintiff's registered trademark and defendant's own legal violations in contravention Florida Law and must be held accountable.

53. Defendant has acted willfully and in bad faith, has deceived the public and the plaintiff, and has acted in violation of Federal and State Laws in carrying out Unfair and Deceptive Trade

Practices.

Wherefore, Plaintiff requests an award damages, attorney fees and costs pursuant to FDUTPA, damages, and any other relief this honorable court deems just and right.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Basix prays that the Court award the following relief:

F.  Permanently enjoining Defendant, its officers, employees, agents, representatives, successors, assigns, and all persons or entities in active concert or participation with any of them, from directly or indirectly infringing in any manner the Basix Marks, or Basix's rights thereto, and from marketing, advertising, promoting, offering for sale, selling, or distributing products or services under the Infringing Designations;

G.  For damages in an amount to be proven at trial for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114;

H.  For damages in an amount to be proven at trial for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

I.  For disgorgement of Defendant's profits pursuant to 15 U.S.C. § 1117(a);

J.  An award of three times Defendant's profits or Basix's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b);

K.  Actual damages pursuant to state common law;

L.  An Award of Attorney Fees and Court and Litigation Costs pursuant to the Florida Deceptive and Unfair Trade Practices Act.

M.  An Award of Attorney Fees and Costs pursuant to the Lanham Act.

N.  Such other relief as this Court deems just and proper

Dated: February 28, 2017.

Respectfully submitted,

/*LEE LEVENSON*/
LEE LEVENSON – FBN 2429
830 North Federal Highway
LAKE WORTH, FLORIDA 33461
Tel 561-523-2118
Fax 1+561+412-1439
LEL.LEVENSON@GMAIL.COM