UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:17-CV-80248-MIDDLEBROOKS/BRANNON

BASIX, INC., a Florida corporation,

    Plaintiff,

vs.

TILE, INC., a Delaware corporation,

    Defendant.
_____/

**JOINT DISCOVERY PLAN**

Plaintiff Basix, Inc. ("Basix") and Defendant Tile, Inc. ("Tile"), pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's April 10, 2017 Order [DE 11] hereby submit a Joint Discovery Plan, and state as follows:

1. **Estimated Valuation of the Case:**

    a. **Plaintiff:**

Plaintiff requires discovery to determine the extent of damages.

    b. **Defendant:**

Tile's position is that the Plaintiff is not entitled to any damages or equitable relief in this case, and reserves the right to seek any and all damages, fees, and costs related to any defenses or counterclaims Tile may assert during the course of these proceedings.

2. **Initial Disclosures Under Rule 26(a)/Changes To Limitations On Discovery:**

The parties agree to exchange initial disclosures in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than May 5, 2017.

3. **Subjects On Which Discovery May Be Needed:**

The parties anticipate conducting discovery related to the following subjects: (a) infringement and/or non-infringement of the trademark-in-suit; (b) validity and/or invalidity of the trademark-in-suit; (c) damages; and (d) the parties' respective claims and defenses.

4. **Limitation of Discovery by Stipulation:**

The parties agree to discuss and cooperate on limiting discovery by stipulation in the best interests of the parties and the Court's judicial economy.

5. **Document Discovery:**

The parties anticipate that document discovery relating to the merits of the parties' claims, defenses, and alleged damages will be required, and agree to work cooperatively towards the disclosure of same.

6. **Conducting Discovery in Phases:**

The parties propose that it is not necessary to conduct discovery in phases.

7. **Electronically Stored Information**

The parties propose that, with the exception of documents that are subject to a Protective Order entered in this action governing the disclosure of confidential and attorneys eyes only designated information, any documents and electronically stored information shall be produced electronically in a format that is mutually accessible to the parties. Without knowing the volume of documents that are respectively subject to disclosure, the parties are presently unaware of the costs associated with electronic discovery in this proceeding.

Notwithstanding the foregoing, if by their nature, certain documents are best viewable in their native formats a party will accommodate reasonable requests by the requesting party to

produce such documents in their respective native format, so long as the burden is not cumulative or overly burdensome.

8. **Individuals to be Deposed:**

The parties expect to depose those individuals identified in the parties' respective Rule 26(a) disclosures, as well as any and all individuals having personal knowledge relating to the issues in dispute in this case.

9. **Claims Of Privilege Or Protection As Trial-Preparation Materials**

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine. In addition, if a document subject to the attorney-client privilege or the attorney work-product doctrine is included in documents made available for inspection, such disclosure shall not be considered a waiver of the attorney-client privilege or the attorney work-product doctrine. If a party believes that it has inadvertently produced any document that may be subject to the attorney-client privilege or attorney work-product doctrine ("Protected Document"), the party may claw-back the Protected Document by making a written request to the Receiving Party specifically identifying the Protected Document, including the date, author, addressees, and topic of the document as well as a brief explanation of the reason for the claim of privilege. Upon receipt of this written request, each party receiving said Protected Document shall immediately cease use of this document and information contained therein. Within three (3) business days of receipt of the written request, each party in possession of said Protected Document shall return or destroy all physical copies and delete all electronic copies of the Protected Document. No information in an inadvertently produced document may be used or relied upon for any other purpose until the

Court so orders.  After the return or destruction of the Protected Document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

### 10. Limitations on Discovery

The parties propose that the normal limitations on the number of interrogatories as provided by the Federal Rules of Civil Procedure and the Local Rules should apply to this case (25 each per party).  The parties propose that no party shall serve on any other party more than 25 requests for admission without leave of Court.  The parties propose that the normal limitations apply on the number of depositions.  Each deposition shall not exceed one 7 hour day unless agreed to by the parties or ordered by the Court prior to conducting the deposition.

### 11. Early Mediation with a Magistrate Judge.

The parties do not believe that early mediation with the Magistrate Judge will presently assist in resolving the matter.

### 12. Other Orders Under Rule 26(c) Or Under Rule 16(b) and (c)

The parties will, in good faith, negotiate a mutually agreeable Protective Order to safeguard the parties' confidential information.  At this time, the parties do not anticipate the need for other Orders under Rule 26(c) or 16(b) and (c).

Dated: April 21, 2017

Respectfully submitted,

McDONALD HOPKINS
Southeast Financial Center, Suite 2600
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 704-3990
Facsimile: (305) 704-3999

By: /s/ *Richard Guerra*
　　Richard Guerra
　　Florida Bar No. 689521
　　Email: rguerra@mcdonaldhopkins.com

*Counsel for Defendant Tile, Inc.*

LEE LEVENSON, P.A.
830 North Federal Highway
Lake Worth, Florida 33461
Telephone: (561) 523-2118
Facsimile: (561) 412-1439

By: /s/ *Lee Levenson*
　　Lee Levenson
　　Florida Bar No. 2429
　　Email: lel.levenson@gmail.com

*Counsel for Plaintiff, Basix, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2017, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Richard Guerra*
　　Richard Guerra

## SERVICE LIST

Lee Levenson, Esq.
Email: lel.levenson@gmail.com
830 North Federal Highway
Lake Worth, Florida 33461
Telephone: (561) 523-2118
Facsimile: (561) 412-1439

*Counsel for Plaintiff Basix, Inc.*